UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA K. WILLIAMS, CDCR #AF-1812,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NEWMAN, et al.,<br><br>Defendants. | Case No.: 23-cv-0136-BAS-MMP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' EX PARTE APPLICATION TO EXCUSE APPEARANCE AT DECEMBER 6, 2023 EARLY NEUTRAL EVALUATION CONFERENCE**<br><br>[ECF No. 20] |

The present case was filed on January 23, 2023, and Plaintiff filed the operative First Amended Complaint ("Complaint") on April 7, 2023, alleging Defendants William Newman and D. Gallegos (collectively, "Defendants") violated his constitutional rights while Plaintiff was housed at Calipatria State Prison in February 2021. [ECF Nos. 1, 5.] Defendants answered on September 11, 2023. [ECF No. 12.] Pursuant to Civil Rule 16.1(c), the Court set an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC") for November 13, 2023. [ECF No. 13.]

///

On September 28, 2023, Defendants filed an Ex Parte Motion to Continue Early Neutral Evaluation Conference and to Modify the Court's Scheduling Order, requesting a continuance because Defendants' attorney was unavailable on November 13, 2023. [ECF No. 13.] The Court granted the request and continued the ENE and CMC to December 6, 2023, a date mutually selected by the parties. [ECF No. 25.]

Currently before the Court is Defendants' Ex Parte Application to Excuse Appearance at December 6, 2023 Early Neutral Evaluation Conference ("Application"). [ECF No. 20.] Defendants request that their individual appearances at the ENE be excused "because [(1)] Defendants are indemnified by the State of California and their presence is not necessary to achieve settlement"; (2) "it will likely be difficult for open discussions regarding settlement to occur in front of both Plaintiff and Defendants, particularly given that Defendants vehemently deny Plaintiff's allegations"; and (3) "it will cause hardship for Defendants to appear at the hearing." [ECF No. 20 at 1–2.] Further, Defendants request that Special Assistant Attorney General Monica Anderson be excused because she is out of office and "the acting SAAG will be available via phone should defense counsel require additional authority." [ECF No. 20 at 2.] The Court addresses Defendants' two requests in turn.

The Court **DENIES** Defendants' request to excuse the appearances of the Individual Defendants for multiple reasons. First, Defendants had an opportunity to raise issues pertaining their availability in their Ex Parte Motion to Continue but failed to do so. Nor do Defendants state that they are unavailable to attend the ENE on December 6, 2023—a date mutually selected by the parties based on their availability. Second, the Complaint alleges that the individual Defendants violated Plaintiff's First Amendment right of Free Exercise and engaged in retaliatory conduct in violation of federal law. [ECF No. 5.] The Court requires individual parties to be present to serve the ENE's objective of conducting an informal discussion of every aspect of the lawsuit in an effort to achieve an early resolution of the case or potential narrowing of the issues. [*See* ECF No. 13, ¶ 1.] These individuals are named parties in the lawsuit and presumably have personal knowledge of

the facts and circumstances alleged in Plaintiff's complaint. Therefore, their attendance as parties is required, and they have not established good cause or substantial hardship to excuse their attendance. The fact that the State of California is indemnifying Defendants does not establish good cause to excuse the personal attendance of named defendants. Furthermore, as the ENE is proceeding by videoconference, any alleged general hardship is significantly diminished because the Court is not requiring in-person appearances at the ENE Conference.

Accordingly, Defendants must appear via videoconference at the December 6, 2023 ENE.

The Court **GRANTS** Defendants' request to excuse Special Assistant Attorney General Monica Anderson from appearing at the December 6, 2023 ENE. The Court's September 19, 2023 Order provides that:

> Counsel for a government entity may be excused from [the Appearance] requirement so long as the government attorney who attends the ENE conference (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official who has ultimate settlement authority.

[ECF No. 13 at 2.] Defendants' motion does not address these requirements or Ms. Anderson's responsibility, if any, for handling the case. However, the Court reiterates its requirements for counsel for a government entity; so long as the two requirements are met, Special Assistant Attorney General Anderson's appearance is not required.

**IV. CONCLUSION**

Accordingly**, IT IS HEREBY ORDERED** that:

1. The Court **DENIES** Defendants' Application to excuse appearance of individual Defendants Mr. Newman and Mr. Gallegos at the December 6, 2023 ENE.

///

///

2. The Court **GRANTS** Defendants' Application to excuse appearance of Special Assistant Attorney General Monica Anderson at the December 6, 2023 ENE.

**IT IS SO ORDERED**.

Dated: November 21, 2023

*Michelle M. Pettit*
HON. MICHELLE M. PETTIT
United States Magistrate Judge