UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA K. WILLIAMS, CDCR #AF-1812,<br><br>                             Plaintiff,<br><br>v.<br><br>WILLIAM NEWMAN, et al.,<br><br>                            Defendants. | Case No.:  23-cv-0136-BAS-MMP<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME;**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL; AND**<br><br>**(3) GRANTING DEFENDANT'S EX PARTE MOTION TO TAKE DEPOSITION OF EZRA K. WILLIAMS**<br><br>[ECF Nos. 24, 26, 28, 29, 30, 31] |

     Plaintiff Ezra K. Williams ("Plaintiff") has filed a four Motions for Extension of Time ("Motions for Extension of Time") and a Second Motion to Appoint Counsel ("Second Motion for Appointment of Counsel"). [ECF Nos. 33, 26.] Additionally, Defendants William Newman and Daniel Gallegos ("Defendants") have filed an *Ex Parte*

Application to Take Deposition of Ezra K. Williams, AR1812, An Incarcerated Person ("*Ex Parte* Application to Take Plaintiff's Deposition"). [ECF No. 24.] The Court addresses the Parties' three motions in turn.

I.   **MOTIONS FOR EXTENSION OF TIME**

Plaintiff moves for an extension of time to respond to four sets of written discovery, a set of interrogatories and requests for production of documents from both Defendant Newman and Defendant Gallegos, on the ground that he experiences challenges to responding to these discovery requests within the thirty-day deadline due to his work and class schedule as well as his lack of access to a typewriter or word processing software. [ECF Nos. 28, 29, 30, 31.] Plaintiff initially requests thirty-day extensions for Defendants Gallegos and Newman's respective requests for interrogatories, ECF Nos. 28, 29, and sixty-day extensions for Defendants Gallegos and Newman's respective requests for production, ECF Nos. 30, 31, that were served on Plaintiff on January 16, 2024. However, Plaintiff later states that he requests until March 16, 2024 to respond to Defendant Newman's request for interrogatories, April 16, 2024 to respond to Defendant Gallego's requests for interrogatories, June 16, 2024 to respond to Defendant Newman's request for production of documents, and August 16, 2024 to respond to Defendant Gallegos' request for production of documents. [ECF Nos. 28, 29, 30, 31.]

Defendants filed a limited opposition to Plaintiff's Motions, indicating they do not oppose an extension of time but request the Court limit any extension to forty-five to sixty days and to have all written responses due on the same day. [ECF No. 32.]

Federal Rule of Civil Procedure ("Rule") 34(b)(2)(A) provides that the party to whom requests for production of documents are directed must respond in writing within thirty (30) days after being served, and a "shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Likewise, Rule 33(b)(2) provides the responding party must serve answers and any objections within thirty (30) days after being served with interrogatories, and "[a] shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Having considered Plaintiff's grounds for the extension, as well as

Defendants' non-opposition, the Court finds a sixty-day (60) extension of time is appropriate at this stage of the proceeding.

## II.     MOTION TO APPOINT COUNSEL

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *Palmer v. Valdez*, 560 F3d 965, 970 (9th Cir. 2009). Under 20 U.S.C. § 1915(e)(1), district courts have the discretion to appoint counsel for indigent persons under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "When determining whether 'exceptional circumstances' exist, a court may consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

Plaintiff contends that exceptional circumstances exist to appoint counsel due to his time commitments to tutoring, class, and extracurricular schedules, having to handwrite all his motions and responses, and his inability to litigate pro se a "case involv[ing] complex issues [that] will likely encompass large volumes of discovery and an array of motions, as well as the need to locate, and depose . . . witnesses, and compel discovery." [ECF No. 26.]

Here, the Court does not find such exceptional circumstances at this time. The Court denied Plaintiff's first request for appointment of counsel, finding that "nothing in Williams' Complaint suggests he is incapable of articulating the factual basis for his First and Eighth Amendment claims, which appear relatively straightforward," and that "he has yet to demonstrate—and it is too soon to tell—whether he is likely to succeed on the merits." [ECF No. 4 at 11–12 (internal quotations and citations omitted).] The Court finds that the circumstances remain substantially the same. Though Plaintiff alleges that the claims are complex, he has not made a showing that his claims are particularly complex or

that he is unable to articulate the factual basis of his claims *pro se*. Plaintiff's complaint and motions have been articulate and organized and thus far demonstrate that he can sufficiently articulate the factual basis of his claims. Further, Plaintiff has not demonstrated likelihood of success on the merits and likely cannot do so without further factual development.

While Plaintiff may not have vast resources or legal training, he is a *pro se* litigant; as such, his filings are "liberally construed," and "a pro se complaint, however inartfully pleaded," is "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). The Court recognizes that Plaintiff's submissions will be subject to this standard, but this does not constitute "exceptional circumstances" for appointment of counsel. Moreover, though the Court sympathizes with Plaintiff's time constraints, appointment of counsel is not the proper vehicle to address such issues. Further, the Court has already granted Plaintiff additional time to respond to discovery, as set forth above.

## III.   DEFENDANTS' *EX PARTE* APPLICATION TO TAKE PLAINTIFF'S DEPOSITION

The Court finds that Defendants have satisfied the requirements for leave to depose Plaintiff.

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation at California Correctional Institution in Tehachapi, California. Defendants request an order allowing them to take Plaintiff's deposition remotely or in person. [ECF No. 24-1 at 2.] In a declaration in support, Defendant's attorney Jacqueline Kallberg states that she will serve Plaintiff with reasonable notice once the date and time are scheduled.

Under Federal Rules of Civil Procedure 30(a)(2)(B), the deposition of a deponent who is confined in prison may be taken with leave of court. Fed. R. Civ. P. 30(a)(2)(B). Leave must be granted, to the extent consistent with Rule 26(b)(1) and (2). Ms. Kallberg states that the requested deposition will be in compliance with Rule 26(b)(2). Accordingly,

the Court must grant Defendants' request for leave to take Plaintiff's deposition insofar as it complies with Rule 26(b)(1).

## IV.   CONCLUSION

Accordingly, the Court **ORDERS** the following:

1. No later than **April 19, 2024**, Plaintiff shall respond to Defendants' requests for interrogatories and requests for production. To the extent either party seeks a reasonable extension of time to respond to discovery in this case, the parties must meet and confer to see if a stipulation can be reached under Rule 29 prior to requesting court relief.

2. The clerk is **ORDERED** to strike ECF No. 33. Per Civil Local Rule 36.1, responses to discovery requests must be sent to the requesting the party, not filed with the Court.

3. The Court **DENIES** without prejudice Plaintiff's Second Motion to Appoint Counsel. [ECF No. 26.]

4. The Court **GRANTS** Defendants' *Ex Parte* Application to Take Plaintiff's Deposition. [ECF No. 24.] Counsel for Defendants may make arrangements to take Plaintiff's deposition in compliance with Rule 26(b)(1) and (2) at a date and time convenient to the correctional facility in which Plaintiff is incarcerated and providing reasonable notice to Plaintiff.

**IT IS SO ORDERED**.

Dated: February 23, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge