# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZRA K. WILLIAMS, CDCR #AF-1812,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM NEWMAN, et al.,<br><br>Defendants. | Case No.: 23-cv-0136-BAS-MMP<br><br>**ORDER GRANTING IN PART**<br><br>[ECF No. 38] |

Before the Court is Defendants William Newman and Daniel Gallegos' ("Defendants") Ex Parte Motion to Modify Scheduling Order (ECF No. 23) ("Motion"), requesting all dates in the set forth in the Scheduling Order Regulating Discovery and other Pre-Trial Proceedings ("Scheduling Order"), ECF No. 23, be extended by ninety (90) days. [ECF No. 38.] Defendants represent that defense counsel met and conferred with Plaintiff Ezra Williams ("Plaintiff") and Plaintiff does not oppose the Motion.

In support of their request, Defendants contend that good cause exists because the primary defense counsel is on leave until the end of August and additional time is needed

to serve Defendant Officer Tenorio, who was added in Plaintiff's Second Amended Complaint. Defendant further reports that because Plaintiff's deadline to provide discovery responses has been extended until April 19, 2024, "it would be premature for Defendants to take Plaintiff's deposition and designate an expert witness and evaluate and opine on Plaintiff's alleged injuries."

The Court does not find good cause in Defendants' former two arguments. Though Plaintiff's extended deadline to provide discovery responses may indeed render some discovery premature, a ninety-day deadline would be disproportional. However, subsequent to Defendant's Motion, Plaintiff has moved facilities, making him temporarily unavailable. Consequently, the Court finds good cause to extend the dates and deadlines set forth in the Scheduling Order by thirty (30) days.

Accordingly, the Court hereby **ORDERS** the Scheduling Order. ECF No. 23, be amended as follows:

1. The deadline for Plaintiff and Defendants to serve on all parties a list of experts whom that party expects to call at trial, initially set for May 8, 2024, is **June 7, 2024**. The deadline for parties to supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject, initially set for June 5, 2024, is **July 8, 2024**. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

2. The deadline to serve all expert disclosures required by Federal Rule of Civil Procedure 26(a)(2), initially set for May 8, 2024, is **June 7, 2024**. The deadline to serve any contradictory or rebuttal expert disclosures, initially set for June 5, 2025, is **July 8, 2024**. In addition, Federal Rule of Civil Procedure 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by the time that pretrial disclosures are due under Federal Rule of Civil Procedure 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. The deadline to complete all fact discovery, initially set for July 11, 2024, is **August 9, 2024**. The deadline to complete all expert discovery, initially set for Jully 11, 2024, is **August 9, 2024**. "Completed" means that all discovery Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an**

**order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

4. The deadlines to file all motions, other than motions to amend or join parties, or motions *in limine*, initially set for August 7, 2024, is **September 6, 2024**. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly.** Failure of counsel to timely request a motion date may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court.

5. Pursuant to Local Rule 7.1(f)(3)(c), **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

6. The Mandatory Settlement Conference, initially set for August 9, 2024, is **RESET** for **September 9, 2024** at **9:30 a.m.** in the chambers of **Magistrate Judge Michelle M. Pettit**. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **August 30, 2024**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge. As Plaintiff is currently incarcerated in a penal institution or other facility, Defendant counsel must make all necessary arrangements to ensure Plaintiff's timely

appearance by videoconference.

7. The deadline for parties to comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3), initially set for November 8, 2024, **December 9, 2024**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

8. The deadline for counsel to confer and take the action required by Local Rule 16.1(f)(4)(a), initially set for November 18, 2024, is **December 16, 2024**.

9. The deadline for Plaintiff to provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1(f)(6)(a), initially set for November 25, 2024, is **January 6, 2025**.

10. The deadline to lodge the proposed pretrial order with the district judge's chambers, initially set for December 2, 2024, is **January 13, 2025**.

11. The final Pretrial Conference, initially scheduled for December 16, 2024, is **RESET** before the **Honorable Cynthia Bashant** for **January 27, 2025** at **11:00 a.m**.

12. The deadline for all motions *in limine*, initially set for January 6, 2025, is **February 14, 2025**.

13. The deadline for all response to the motions *in limine*, initially set for January 20, 2025, is **March 3, 2025**.

14. The deadline for the parties to submit (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case, initially set for January 20, 2025, is **March 3, 2025**.

15. The deadline for the parties to exchange final exhibit and witness lists, initially set for February 4, 2025, is **March 18, 2025**.

16. A hearing for the motions *in limine*, initially schedule for February 3, 2025, is **RESET** for **Monday, March 17, 2025** at **10:30 a.m.**

//

17. The trial in this matter, initially set to commence on February 11, 2025, is **RESET** for **Tuesday, March 25, 2025** at **9:00 a.m**.

**IT IS SO ORDERED**.

Dated: April 12, 2024

HON. MICHELLE M. PETTIT
United States Magistrate Judge